THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMED MEDHI ZORGANI and<br>SOUKAINA LAASIRI,<br><br>    Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>DEPARTMENT OF MOTOR VEHICLES, an<br>Agency of the District of Columbia, and<br><br>JOHN and JANE DOES 1-10, Employees<br>of the District of Columbia and/or the<br>Department of Motor Vehicles,<br><br>    Defendants. | Case No. **17 cv 2360** |

# COMPLAINT

PLAINTIFFS, Mohamed Mehdi Zorgani and Soukaina Laasiri, bring this action against Defendants, the District of Columbia ("the District"), the District of Columbia Department of Motor Vehicles ("DMV"), and unknown employees of the District and the DMV, John and Jane Does 1-10. In support of their complaint, Plaintiffs state as follows:

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to 28 to 28 U.S.C.§ 1331 (federal question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391 (b)(2) in that the events giving rise to Plaintiffs claims occurred in the District of Columbia.

## PARTIES

2. Plaintiffs Mohamed Mehdi Zorgani and Soukaina Laasiri are married individuals

1

and at all times relevant hereto were residents of the District of Columbia. Mr. Zorgani is a licensed driver with a driver's license issued by the District of Columbia's Department of Motor Vehicles. At all times relevant hereto, Mr. Zorgani's driver's license was in good standing without any suspensions or other impairments.

3. The District of Columbia controlled and operated the Division of Motor Vehicles at all times relevant to this case.

4. The District of Columbia Department of Motor Vehicles is an agency of the District of Columbia. Defendants John and Jane Does 1-10 are employees of the District of Columbia and/or Department of Motor Vehicles who are as yet unidentified but who carried out the acts complained of herein.

## STATEMENT OF FACTS

5. On May 24, 2014, Plaintiff Mehdi Zorgani ("Zorgani") received a traffic ticket for failure to yield the right of way. The ticket was for $100.00. On July 30, 2014, Mr. Zorgani paid the ticket plus a $100.00 fine for late payment. At that time Mr. Zorgani's operator's license was not suspended or impaired in any way.

6. After the ticket was paid on July 30, 2014, Defendants never notified Mr. Zorgani that there was any problem with his license.

7. On August 21, 2014, Defendants suspended Mr. Zorgani's driver's license in their database and forwarded that information to the Metropolitan Police Department.

8. Defendants never provided Mr. Zorgani any notice that his license had been suspended and never provided Mr. Zorgani with any process by which to rectify the suspension.

9. There was no legitimate basis for Defendants to suspend Mr. Zorgani's driver's license in August 2014.

10. Mr. Zorgani had no reason to believe that Defendants had suspended his license in August 2014.

11. On November 8, 2014, Mr. Zorgani was driving home from work at approximately 12:15 a.m. At 12:19 a.m. Mr. Zorgani was stopped by Officer Parrish of the Metropolitan Police Department ("MPD") for making a left turn at or near 1800 Columbia Road NW, Washington, DC.

12. At that time, Officer Parrish queried Mr. Zorgani's D.C. driver's license through the Third District Dispatcher.

13. The result of the query indicated that Mr. Zorgani's license had been suspended by the District of Columbia.

14. Mr. Zorgani was then placed under arrest, without incident, for "operation after suspension." Mr. Zorgani was transported to the Third District police station for processing and was held in jail overnight. He was released on the morning of November 8, 2014.

15. Prior to November 8, 2014, Mr. Zorgani never received notice that his license had been suspended nor notice of any process to reinstate his license.

16. When Mr. Zorgani was released from jail on November 8, 2014, he went to the DMV to determine why the Defendants had reported to the police that his license had been suspended. The clerk stated that Mr. Zorgani's license had not been suspended and that notification to that effect "was sent [] in error." The clerk provided a letter to Mr. Zorgani repeating this and apologizing "for the inconvenience resulting from this error." A copy of the letter is attached as Exhibit A and incorporated into the factual basis for this complaint.

17. As a result of the actions of Defendants, Mr. Zorgani was wrongfully arrested and detained, and suffered damages including severe emotional distress, embarrassment, pain and

suffering, criminal charges with associated expenses, a criminal record and he has otherwise been damaged.

18. Mr. Zorgani's wife, Plaintiff Soukaina Laasiri, had no knowledge of her husband's whereabouts the night of November 8, 2014 and experienced severe emotional distress as a result.

19. On March 23, 2015, Plaintiffs provided Defendants with a Notice of Claim pursuant to D.C. Code section 12-309, receipt of which was acknowledged by Defendants.

## **COUNT I**

### **(Negligence)**

20. All of the preceding paragraphs are realleged and incorporated by reference, herein.

21. At all times relevant hereto, Defendants had a duty to use ordinary care to only suspend drivers' licenses in accordance with District of Columbia statutes and regulations.

22. At all times relevant hereto, Defendants had a duty to use ordinary care to notify drivers of the fact of a license suspension and the steps necessary to reinstate the license.

23. At all times relevant hereto, Defendants had a duty to use ordinary care in accurately notifying the Metropolitan Police Department about license suspensions.

24. Notwithstanding these duties, Defendants failed to use ordinary care in the following ways:

   a) Incorrectly informing the MPD that Mr. Zorgani's license was suspended when it was not;

   b) Suspending Mr. Zorgani's license after he had satisfied all requirements regarding his May, 2014 ticket without giving Mr. Zorgani notice or opportunity for a

        hearing;

c)    Failing to notify Mr. Zorgani that his license was suspended in August 2014;

d)    Failing to notify Mr. Zorgani of the steps necessary to reinstate his license in August 2014; and

e)    Accepting Mr. Zorgani's payment of his fine in July 2014, without any notice that his license would be suspended in the future.

f)    Failing to follow the procedures in Title 18 of the DC Municipal Regulations, including 18 DCMR § 305.3, 307.3, 307.4, 308.1, and 1005.

25.    Mr. Zorgani had direct and continuing contact with Defendants due to his traffic infraction in May, 2014 and subsequent contact with Defendants to satisfy his obligation.

26.    Mr. Zorgani was justified in relying upon Defendants' representation, in the form of DMV accepting his payment in full for his past ticket and fine and DMV's subsequent failure to notify Mr. Zorgani about a suspension as the DMV is required to do under Title 18 of the D.C. Municipal Regulations.

27.    Due to the direct and continuing contact between Mr. Zorgani and the DMV and Mr. Zorgani's justifiable reliance on the DMV, Defendants owed Mr. Zorgani a special duty of care beyond that owed to the general public.

28.    Defendants knew or should have known that their failure to exercise appropriate care in ensuring the accuracy of the information released to the MPD would directly and proximately cause Plaintiffs' injuries.

29.    The defendants breached their duty of care to plaintiffs, and as a direct and proximate result of their negligence, plaintiffs suffered severe and substantial damages as aforesaid.

## **COUNT II**

### **(Violation of Statute)**

30. The previous paragraphs are realleged and incorporated by reference herein.

31. Defendant's conduct as described herein constitutes a violation of numerous District of Columbia statutes including but not limited to Title 18 of the DC Municipal Regulations, Vehicles and Traffic.

32. Defendant's violated Title 18 of the DCMR by, among other things:

   a) failing to provide Plaintiff with notice of the suspension setting forth the proposed action and the grounds for the proposed action as required by 18 DCMR 307.3;

   b) failing to require that Plaintiff's driver's license be surrendered to and retained by the Department of Motor Vehicles following suspension of Plaintiff's driver's license in August 2014 as required by 18 DCMR 305.3;

   c) failing to provide Plaintiff with a notice of suspension allowing 10 days before it was to take effect as required by 18 DCMR 307.4;

   d) failing to serve Plaintiff at the time of his arrest with a notice of suspension from the Director of the DMV as required by 18 DCMR 308:1; and

   e) failing to provide Plaintiff with an opportunity for a hearing prior to suspension of his license as required by 18 DCMR § 1005, et. seq.

33. The aforementioned statutes were enacted to protect individual's property interest in their driver's license. Mr. Zorgani belongs to the class of persons for whose benefit and protection these statutes were enacted, and the injuries he suffered were of the type against which these statutes were designed to protect.

34. The aforementioned damages suffered by Mr. Zorgani were a direct and proximate result of the statutory violations mentioned herein.

## COUNT III

### (Deprivation of Civil Rights Under 42 USC §1983)

35. All of the preceding paragraphs are realleged and incorporated by reference, herein.

36. Mr. Zorgani has a significant property interest in his driver's license, which is critical to his ability to conduct his business, care for his family, and other important matters.

37. Defendants did not provide Mr. Zorgani with any notice, process or opportunity for a hearing prior to entering a suspension of his license into their database in August 2014 and suspending his license on August 21, 2014.

38. Defendants did not provide Mr. Zorgani with any notice, process or opportunity for a hearing prior to notifying the Metropolitan Police Department that Mr. Zorgani's license was suspended.

39. Upon information and belief, Defendants' suspension of Mr. Zorgani's license was done pursuant to a policy and custom of the District of Columbia of suspending drivers' licenses after individuals pay their ticket but without notice or opportunity for a hearing.

40. Defendants' failure to provide Mr. Zorgani and other similarly situated individuals with a hearing or adequate pre-deprivation process was a violation of their procedural due process rights under the Fifth Amendment, for which Defendants are liable for damages. No post-deprivation process was adequate to protect the rights of Mr. Zorgani.

41. Defendants knew that suspending Mr. Zorgani's driver's license without notice or an opportunity for a hearing created a high risk that Mr. Zorgani would be erroneously deprived

of his driver's license and subject to an unlawful arrest and detention, thereby violating his constitutional rights.

42. Defendants have no important interest in suspending drivers' licenses without notice and an opportunity for a hearing.

43. Upon information and belief, individuals with policy making authority for the District of Columbia and the Department of Motor Vehicles for the District of Columbia tacitly approved of or ratified the actions of lower ranking officials of the District of Columbia and DMV in suspending drivers' licenses of individuals including Mr. Zorgani after the payment of fines and without notice and/or opportunity for a hearing. Such conduct by policy makers amounts to an unconstitutional policy or custom of the District and the DMV, for which the District is liable.

44. All the conduct of the Defendants described herein was under color of the statutes, ordinances, regulations, customs and usages of the District.

45. As a direct result of the actions and policies of the Defendants as described herein, Mr. Zorgani suffered an unconstitutional deprivation of liberty and property in violation of his rights under the Fifth Amendment to the United States Constitution.

46. As a direct result of the actions and policies of the Defendants' violation of Mehdi Zorgani's constitutional rights as described herein, Mr. Zorgani has suffered severe and substantial damages, including but not limited to wrongful arrest and imprisonment; physical pain and mental anguish, past, present and that which he may reasonably expect to suffer in the future; and inconvenience, past, present and that which he may reasonably expect to suffer in the future; and Mr. Zorgani has otherwise been damaged.

## COUNT IV

### (Loss of Consortium)

47.    The preceding paragraphs are realleged and incorporated by reference, herein.

48.    As the further direct and proximate result of the aforesaid acts and statutory violations, Plaintiffs Mehdi Zorgani and Soukaina Laasiri have suffered loss of companionship and society with their respective spouse, including the emotional pain and anguish related thereto.

49.    Plaintiffs' injuries were directly caused by the negligence of Defendants as aforesaid.

50.    Plaintiffs reserve the right to amend these pleadings as necessitated by discovery.

### JURY DEMAND

51.    Plaintiffs request trial by jury of all issues.

**WHEREFORE**, Plaintiffs Mohamed Zorgani and Soukaina Laasiri respectfully request the following relief:

1.    Compensatory damages in the amount of $1,500,000 for the injuries sustained as a result of the actions of Defendants;

2.    Attorneys fees, litigation expenses and costs; and

3.    Such other relief as the Court deems appropriate.

                              Respectfully submitted,

                              Mohamed Mehdi Zorgani
                              Soukaina Laasiri
                              By Counsel


                              S/_____
                              Harvey S. Williams  (D.C. Bar No. 437147)

Williams Legal Group
2141 Wisconsin Ave. NW
Ste. N3
Washington, D.C. 20007
PH: (202) 462-5900
FX: (202) 462-5904
hsw@williamslegalgroup.com

Counsel for Plaintiffs



**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
Department of Motor Vehicles
P.O. BOX 90120
WASHINGTON DC 20090-0120



## OFFICIAL NOTICE OF CORRECTION

MOHAMED M ZORGANI
3118 M ST NW #4
WASHINGTON, DC 20007-3704

Date: 11-08-2014

Dear Customer:

The records of this office reflect that an Official Notice of Disqualification, Suspension or Revocation of your District of Columbia driving privilege was sent to you in error.

Your driving privilege is   **NOT**   disqualified, suspended or revoked. We apologize for the inconvenience resulting from this error.

If you have questions, you may call 311 or (202) 737-4404.

Sincerely,

*[signature]*

DC Department of Motor Vehicles

www.dmv.dc.gov

Exhibit A